UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID CHARLES SUSSMAN,

    Petitioner,

v.                                                   Case No. 4:20cv361-MW-HTC

SECRETARY of the
 FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner filed a second amended petition under 28 U.S.C. § 2254, challenging a finding of guilt and loss of thirty (30) days gain time on Disciplinary Report ("DR") 102-160698, while at Apalachee Correctional Institution on April 13, 2016. ECF Doc. 11 at 1-2. He has also filed a Motion for Release on Recognizance and Motion to Convert 28 U.S.C. §2254 Proceedings to a 28 U.S.C. §2241, ECF Doc. 37. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Upon review, and as an initial matter, the undersigned finds Plaintiff's request to convert these proceedings to one under § 2241 should be GRANTED because Petitioner is challenging the execution of his sentence rather than his conviction by

a state court. "[A] state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of state prison disciplinary proceeding that allegedly violates his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth at 28 U.S.C. § 2254." *Tedesco v. Sec'y for Dep't of Corr.,* 190 F. App'x 752, 755–56 (11th Cir. 2006) *(citing Medberry v. Crosby,* 351 F.3d 1049, 1061 (11th Cir. 2003)). Thus, the clerk will be directed to reclassify this case as one falling under 28 U.S.C. § 2241. *Medberry v. Crosby,* 351 F.3d 1049, 1061 (11th Cir. 2003)).

The Court finds the second part of that motion, the part seeking relief on recognizance should be DENIED. A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: *first,* he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; *second,* extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought. *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (citing *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974)).

Petitioner, however, cannot meet those elements. He has alleged no exceptional circumstances *and,* after considering the second amended petition, the State's response (ECF Doc. 14), Petitioner's reply (ECF Doc. 33), and the record, the undersigned recommends the second amended petition be DENIED without an

evidentiary hearing. Thus, Petitioner can also not show likelihood of success on the merits.

I.  **BACKGROUND**

On March 14, 2016, the prison librarian at Apalachee East Unit issued a Disciplinary Report (Log # 102-160698) charging Petitioner with "Lying to Staff" based on the following:

> Inmate Sussman submitted a copy of a falsified medical pass to be copied that had been altered with the name of the doctor, institution and dates. I made a copy of it then removed what he had altered and made another copy of the document submitted which was a medical pass from Jefferson Institution.

ECF Doc. 14-1 at 7. After a hearing, Petitioner was found guilty on April 13, 2016. ECF Doc. 14-1 at 8. He lost thirty (30) days of gain time and was placed in disciplinary confinement for sixty (60) days. *Id.*

Petitioner exhausted the Florida Department of Corrections grievance remedies, ECF Doc. 14 at 3, and the state-court system of review. *Id.* at 3-4; ECF Doc. 14-1 at 87 & 106. He filed his federal petition on July 15, 2020, within one year of the First District Court of Appeals mandate affirming the denial of his petition for writ of mandamus in state court on August 12, 2019. ECF Doc. 14 at 4; ECF Doc. 14-1 at 109. Therefore, the federal petition is timely.

## II. LEGAL STANDARDS

A federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The United States Supreme Court has held that "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton,* 544 U.S. 133, 141 (2005). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Id.* An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*See Diaz v. Sec'y for the Dep't of Corrs.,* 402 F.3d 1136, 1141 (11th Cir.), *cert. denied* 546 U.S. 1064 (2005).

## III. DISCUSSION

In the circuit court's order denying Petitioner's petition for writ of mandamus, the court determined Petitioner was not entitled to relief because he was provided all the due process required by *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *See* Order Denying Petition for Writ of Mandamus at 2, ECF Doc. 14-1 at 87, *Sussman v. Department of Corrections*, 2016-CA-1656 (Leon Cnty Cir. Ct. June 26, 2017).[1] The circuit court's decision was neither contrary to, or involved an unreasonable application of, clearly established Federal law. Thus, Petitioner is not entitled to relief.

In *Wolff,* the Supreme Court explained identified the "minimum procedures appropriate under the circumstances and required by the Due Process Clause" when it comes to the loss of gain time as a result of a disciplinary action. *Wolff,* 418 U.S. at 563-67. Specifically, those procedures include: (1) at least 24 hours' notice of the charges so that the inmate can prepare for the hearing; (2) a written statement by the factfinders detailing what evidence was relied upon and why disciplinary action was

---

[1] This Court looks to the circuit court's written decision because in *Sussman v. Dep't of Corr.*, 276 So. 3d 68 (Fla. Dist. Ct. App. 2019), the First DCA affirmed, *per curiam,* without explaining its reasoning on this issue (although it did issue a written explanation on a collateral issue -- why it was not sanctioning Sussman for repetitious and frivolous pleadings). *See Harrington v. Richter*, 562 U.S. 86, 98-99 (2011); *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Case No. 4:20cv361-MW-HTC

taken; and (3) the opportunity for the inmate to present witnesses and documentary evidence, although the prison maintains the discretion to reject witnesses. *Id.* The rights of confrontation and cross-examination, while applicable to criminal prosecutions, do not apply to prison disciplinary proceedings. *Id.* at 567–68.

In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), the Supreme Court later clarified that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. *Hill,* 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456. In *Hill,* the Supreme Court upheld the determination of a disciplinary board even though the evidence "might be characterized as meager" because the record was not so devoid of evidence as to render the board's decision arbitrary. *Id.* at 457.

As the state circuit court correctly determined, Petitioner was provided all of the due process required under *Wolff* and *Hill*. First, Petitioner received written notice of the charges against him on March 21, 2016 – well in advance of the April

13, 2016, hearing. ECF Doc. 14-1 at 40-42. Second, Petitioner received a written statement by the factfinder detailing the evidence relied on and the reasons for the disciplinary action in this case. *Id.* at 40-42. Third, Petitioner was able to provide witnesses and evidence.

He was told he would have the opportunity to submit a witness statement regarding his version of the events, which he did. *Id.* at 44. Petitioner was given the opportunity to name witnesses in his defense and identified Dr. Alvarez as a requested witness. Petitioner was also provided the opportunity to request physical or documentary evidence in his defense. *Id.* at 47-48.

Nonetheless, Petitioner argues the procedures were inadequate because Dr. Alvarez did not testify at the hearing and the attempt to get a statement from him was not sincere. *Id.* at 45-46, 60-61. He also argues the evidence was insufficient to convict him of the DR. The undersigned disagrees on both points.

### A. Ground One: Failure to Produce Dr. Alvarez as a Witness

In Ground One, Petitioner argues that, in preparation for his DR hearing, he asked for Apalachee CI's doctor, Dr. Alvarez, to testify "as a witness to show that Alvarez lawfully issued the diet pass in question, so that it was not a fake as was alleged in said DR." ECF Doc. 11 at 9. Petitioner claims that "for no good reason, Alvarez was not produced as a witness." *Id.*

The circuit court rejected this claim as being "refuted by the record." ECF Doc. 14-1 at 90. Specifically, the court noted that "attempts were made to call the phone number on file for him, which was the only means of contact available to the investigating officer," and the fact that the attempts were unsuccessful "did not run afoul of the Due Process Clause". *Id.* This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

The record shows that when the circuit court decided this issue, it had before it two declarations. The first, filed on December 16, 2016, was from Amber Davis, an investigator assigned to Petitioner's DR. ECF Doc. 14-1 at 60. According to Davis, Dr. Alvarez "was no longer employed there" and Davis "attempted to reach him over the telephone with the only number available to [her]. He did not answer." *Id.* at 61. The second, filed on March 6, 2017, was from Petitioner. In that declaration, Petitioner stated, "as I recall, he wrote me the diet pass in question in late February, 2016, and was still working at the DOC's Apalachee Corr. Inst. On 3/22/16 when Davis claims she could not locate him." *Id.* at 76.

The circuit court clearly had both declarations before it and chose to credit the investigator's declaration over Petitioner's. Under § 2254(e)(1) "a determination of a factual issue made by a State court shall be presumed to be correct.. 28 U.S.C. § 2254(e)(1). Also, under the Rule, "[t]he applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." *Id.* Petitioner has not come close to meeting this standard; he merely alleges a far-fetched conspiracy that the librarian and other prison staff created a fake falsified diet pass and lied about the availability of the doctor simply to get Petitioner in trouble. This strains credulity and common sense. Allegations that are "palpably incredible, patently frivolous or false . . . warrant no evidentiary hearing." *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) (citing *Blackledge v. Allison,* 431 U.S. 63, 76 (1977)).

Second, Petitioner has not provided anything but his self-serving assertion as to what Dr. Alvarez would say if he testified. A petitioner seeking an evidentiary hearing must make a "proffer to the district court of any evidence that he would seek to introduce at a hearing." *Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006); *see also Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"). In the absence of such a proffer, the Court is not required to presume Dr. Alvarez would testify that he authorized a pass for Petitioner, as this testimony would contradict all of the other evidence in the case.

Case No. 4:20cv361-MW-HTC

Therefore, the state court was not unreasonable in concluding that Petitioner was not deprived of the due process required by *Wolff* by not having Dr. Alvarez as a witness.

**B.     Ground Two: The DR Conviction Was Not Supported by Sufficient Evidence**

In Ground Two, Petitioner argues the DR conviction violated *Wolff* and *Hill* because it was based upon "unreliable, incompetent evidence". ECF Doc. 11 at 11. Specifically, Petitioner argues he asked to see the original document, which he had supposedly falsified, and was denied the ability to do so. He further alleges the FDOC tampered with copies of the document; thereby robbing it of any reliability. *Id.*

The state court applied *Hill* to this claim and rejected it on the merits. The court found that to the extent Petitioner was alleging that the evidence "had been tampered with, he is challenging the sufficiency of the evidence." ECF Doc. 14-1 at 92. The court correctly noted that, under *Hill*, however, the standard for such a claim is simply if "some evidence" supports the decision, even if that evidence is "might be characterized as meager" or where there is no direct evidence.

The court was reasonable in finding that standard met in this case. First, the two copies referred to by the librarian are found at ECF Doc. 14-1 at 49-50 and are shown below. They confirm the librarian's account in that they are identical (including the purported doctor's signature on each) except that the one submitted

by Petitioner had Dr. Alvarez's information pasted over the Jefferson Correctional Institution doctor's information. This made it look like the doctor at his current institution had issued the same dietary pass that the doctor at his previous institution had issued.

The librarian stated that she copied the doctored version submitted by Petitioner, then removed the pasted-on part and copied the original, showing the Jefferson CI doctor's information. Those copies were provided to the investigator:



*Figure 1* - Version after librarian removed Dr. Alvarez's information added by Petitioner



*Figure 2* – The version submitted by Petitioner to the librarian, with Dr. Alvarez's information added by Petitioner over the Jefferson CI doctor's information

Case No. 4:20cv361-MW-HTC

The state court was not unreasonable in finding that these documents, coupled with the librarian's witness statement was "some evidence" supporting the conviction. *Id.* at 93.

Also, Petitioner's unsupported, self-serving assertion that the DR team did not have the altered diet pass when making the decision is not sufficient to justify an evidentiary hearing. While Petitioner stated in his March 6, 2017 declaration that the DR team told him they did not have the alleged falsified diet pass, *id.* at 75, the investigative report issued April 11, 2016, contradicted that assertion. The report stated, "Inmate ripped copied evidence off this packet and refused to return. The original has now been attached." *Id.* at 43. In other words, the Petitioner removed copies of the doctored diet pass, not the original.

The copies shown, *supra*, are the ones referred to in, and attached to, the investigative report. *Id.* at 49-51. Petitioner's claim that the officials apparently came up with a lie about a doctored diet pass without there actually being one and then manufactured these copies after the fact to comport with their prior lie is simply not believable. As noted above, allegations that are "palpably incredible, patently frivolous or false . . . warrant no evidentiary hearing." *Atkins*, 965 F.2d at 958, *supra*. The Court finds Petitioner's claims palpably incredible and not worthy of an evidentiary hearing. Therefore, he is not entitled to relief on Ground Two.

## IV. CONCLUSION

### A. Evidentiary Hearing

As noted above, the undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED that:

1. The Motion for Release on Recognizance, ECF Doc. 37, be DENIED.

2. The Motion to Convert 28 U.S.C. §2254 Proceedings to a 28 U.S.C. §2241, ECF Doc. 37, be GRANTED.

3. The clerk shall change this action to one under 28 U.S.C. § 2241

It is also respectfully RECOMMENDED:

1. That the second amended petition, ECF Doc. 11, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

Case No. 4:20cv361-MW-HTC

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.